MCGREGOR W. SCOTT
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH BATES,<br><br>Defendant. | CASE NO. 1:19-CR-00269-NONE-SKO<br><br>STIPULATION TO CONTINUE |

This case is set for a hearing on November 16, 2020, which the parties stipulate to continue to February 3, 2021, for the reasons set forth below. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION                                    1

and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  The Government's position is that although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, and defendant JOSEPH BATES, by and through defendant's counsel of record, stipulate to continue the hearing in this matter, which is currently set for November 16, 2020, until February 3, 2021.  In support thereof, the parties stipulate that:

1. The Defendant, JOSEPH BATES, is currently charged with violation of 18 U.S.C. § 922(g) –

felon in possession of a firearm.  The government provided discovery and supplemental discovery.  The defendant is continuing to review the discovery and needs time to do so.

2. The defense needs time to review the discovery and the parties agree that a continuance until February 3, 2021, at 1:00 pm is warranted.

3. As a separate matter, the parties note that the Court issues an order re-setting the November 16, 2020 hearing until November 18, 2020.

4. The parties stipulate that the period of time from November 16, 2020, through February 3, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  November 10, 2020           MCGREGOR W. SCOTT
                                    United States Attorney

                                    By:  /s/ THOMAS NEWMAN
                                         THOMAS NEWMAN
                                         Assistant United States Attorney

Dated: November 10, 2020            /s/ CHRISTINA CORCORAN
                                    Attorney for Defendant
                                    JOSEPH BATES

## O R D E R

IT IS ORDERED that the status hearing set for November 16, 2020, at 1 pm is continued until February 3, 2021, at 1 pm.

IT IS FURTHER ORDERED THAT the period of time from November 16, 2020, through February 3, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **November 12, 2020**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE